WALLACE, JUDGE:
The claimant, Gerald E. Tinsley, a paramedic employed by the Charleston Emergency Ambulance Service, and his wife, Lois Tinsley, also a claimant, were riding his Suzuki motorcycle on the afternoon of July 13, 1977, in an easterly direction on Coopers Creek Drive (W.Va. Route 41) in Kanawha County, and were approaching its intersection with Ada Mae Drive. The claimant, Gerald E. Tinsley, was operating the motorcycle. As they approached the above-mentioned intersection, they entered a rather sharp turn to their right. As they rounded the curve, they found that their lane of travel was almost completely covered with an accumulation of water and mud resulting from a clogged drainage ditch located on the south side of Coopers Creek Drive.
Gerald E. Tinsley testified that when the motorcycle entered the water and mud area, it started to fishtail and proceeded into the opposite lane of traffic which was dry. At this point, Mr. Tinsley attempted to turn the motorcycle to the right to avoid certain mailboxes located on the north berm of the road, but by reason of the presence of gravel on that side of the road, the motorcycle slid out from under them. As a result, Mr, Tinsley suffered a fracture of his right clavicle or collar bone, and abrasions and cuts of his right shoulder and knee. He was taken by ambulance to the Charleston Area Medical Center where he received treatment in the emergency room and was discharged. No testimony was introduced in respect to the injuries, if any, sustained by the claimant, Lois Tinsley.
*135 In addition to suffering intense pain for a period of three days, the claimant was unable to return to his employment for a period of ten weeks. At the time of the accident, he was earning approximately $200.00 per week; he thus suffered a loss of income of about $2,000.00. He incurred an ambulance bill of $30.00 and total medical expenses of $172.75. Also, his motorcycle was damaged to the extent of $300.97.
In respect to the issue of liability, we have consistently held that the respondent is not an insurer of the safety of the users of the highways of this State. Respondent’s duty in claims such as this one is to use ordinary care to maintain Coopers Creek Drive in a reasonably safe condition, and the lack of or failure to exercise ordinary care must be established by a preponderance of the evidence. While the claimant testified that the mud and water on the road resulted from a clogged drainage ditch on the south side of the road, no evidence was introduced establishing how long this condition had existed prior tú the afternoon of the accident. Mr. Tinsley testified that he returned to the accident scene the following day for the purpose of taking photographs of the accident scene and that the road was clear of any mud and water. Furthermore, there was a complete failure to establish that the respondent had notice, either actual or constructive, of the condition of this portion of Coopers Creek Drive. Such notice is an essential ingredient for establishing liability. See Davis Auto Parts v. Dept. of Highways, 12 Ct. Cl. 31 (1977), Lowe v. Dept. of Highways, 8 Ct. Cl. (1971), and Varner v. Dept. of Highways, 8 Ct. Cl. 119 (1970). Being of the opinion that negligence on the part of respondent has not been proved, this Court hereby denies the claim.
Claim disallowed.